O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. KATHERINE KNAPP, <br><br> Plaintiffs, <br><br> v. <br><br> CALIBRE SYSTEMS, INC., AND DOES 1 THROUGH 10, inclusive <br><br> Defendants. | CASE NO. CV 10-4466 ODW (JCGx) <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13] |

Currently before the Court is Defendant Calibre Systems, Inc.'s ("Defendant"), Motion to Dismiss Plaintiff Katherine Knapp's ("Plaintiff") Sixth Claim. (Dkt. No. 13.) The Court deems the matter appropriate for decision without oral argument, *see* Fed. R. Civ. P. 78; L.R. 7-15, and for the following reasons, the Court **GRANTS** Defendant's Motion.

Plaintiff instituted this action against her former employer, Defendant, alleging various federal and state claims. Plaintiff's allegations generally stem from her reporting certain violations that ultimately led to her termination. At this time, Defendant moves

to dismiss Plaintiff's sixth claim for negligent infliction of emotional distress ("NIED"). Specifically, Defendant contends that NIED is not a legally cognizable claim in the context of an employer-employee relationship where Defendant's conduct, allegedly terminating Plaintiff, was intentional. (Mot. at 5-6.) Defendant, therefore, argues that its intentional acts cannot be the basis of a negligence claim. (*Id*.)

In California, NIED is not truly "an independent tort but the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *See Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (Ct. App. 2010). Accordingly, in order to state a claim for NIED, Plaintiffs must point to negligent conduct that fundamentally caused the harm. *See Molien v. Kaiser Found. Hosp.*, 27 Cal.3d 916, 921-22 (1980). In the context of employment decisions, courts have recognized that such decisions are inherently intentional. *See Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160-61 (1987). "[W]here the conduct is intentional, it cannot be used as the basis for a negligent infliction of emotional distress claim." *Edwards v. U.S. Fidelity & Guar. Co.*, 848 F. Supp. 1460, 1466 (N.D. Cal. 1994) (quoting *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (Ct. App. 1990)), *aff'd*, 74 F.3d 1245, 1996 WL 2208 (9th Cir. 1996).

In this case, Plaintiff's allegations directed to her NIED claim are based solely on Defendant's alleged retaliatory termination of her employment. Because Defendant's alleged termination of Plaintiff's employment was intentional, the same allegations cannot support a claim of negligence. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("Evidence that [employer] intentionally retaliated against them would preclude an assertion that this same intentional action constituted negligence."). Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's sixth claim for NIED. Plaintiff may amend her Complaint within fourteen (14) days of this

///

///

///

Order, if she can in good faith, allege facts that support her NIED claim. *See id.* (citing *Molien*, 27 Cal. 3d at 930) (holding that while retaliatory discharge was intentional, other negligent conduct may give rise to emotional distress). Otherwise, Plaintiff's NIED claim shall be dismissed with prejudice.

IT IS SO ORDERED.

July 25, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE