O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KATHERINE KNAPP,<br><br>Plaintiff,<br><br>v.<br><br>CALIBRE SYSTEMS, INC.<br><br>Defendants. | Case No. 2:10-cv-4466-ODW(JCGx)<br><br>**ORDER GRANTING PLANTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT [41]** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff Knapp's March 26, 2012 Motion for Leave to File Third Amended Complaint. (Dkt. No. 41.)  Defendant Calibre Systems, Inc. filed an Opposition on April 2, 2012, to which Plaintiff filed the Reply on April 9, 2012. (Dkt. Nos. 43, 44.)  Having considered the papers filed in support of and in opposition to this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

Defendant contracted with the United States government to provide environmental and archaeological services for the Ft. Irwin National Training Center in California. (SAC ¶ 11.)  Defendant's contract required its compliance with sections

106 and 110 of the National Historic Preservation Act of 1996 ("NHPA"), as well as other related regulations. (SAC ¶ 11.)

Plaintiff worked for Defendant at the Ft. Irwin site as an Analyst member of the Environment Program Management Directorate. (SAC ¶¶ 14–16.) During the course of her employment, Plaintiff learned that Defendant regularly ignored the NHPA and related regulations and chose to proceed with projects on sites that should have been preserved for historic values, in an attempt to secure future contracts with the government. (SAC ¶¶ 16–18.) In March 2009, Plaintiff expressed her concerns regarding Defendant's NHPA violations to two government agencies. (SAC ¶¶ 20–21.) Plaintiff alleges Defendant ultimately terminated her employment as a result. (SAC ¶¶ 29–35.)

Thereafter, Plaintiff instituted this action under the False Claims Act on June 17, 2010. (Dkt. No. 1.) The United States declined to intervene in the action, and the case continued with Plaintiff as a Relator. (Dkt. No. 10.) On July 25, 2011, the Court granted Defendant's motion to dismiss the sixth claim of the Complaint with leave to amend. (Dkt. No. 20.) Plaintiff filed a First Amended Complaint on August 8, 2011. (Dkt. No. 21.) On October 17, 2011, the Court granted in part and denied in part Defendant's motion to dismiss Plaintiff's FAC. (Dkt. No. 27.) Plaintiff filed her Second Amended Complaint ("SAC") on October 31, 2011, alleging (1) violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729; (2) violation of the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h); (3) wrongful termination in violation of public policy; (4) violation of California Labor Code sections 1102.5 and 98.6; and (5) intentional infliction of emotional distress. (Dkt. No. 28.) Following Defendant's refusal to stipulate to Plaintiff's request to for leave to file a Third Amended Complaint ("TAC"), Plaintiff now moves the Court for leave to amend her SAC, seeking to add information learned through discovery to clarify her claims.

### III. LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). Rule 15 is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The decision whether to permit leave to amend rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

The party opposing the amendment carries the burden of showing why leave to amend should not be granted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–187 (9th Cir. 1987). Leave to amend should be freely granted unless the opposing party can show reason for denial, considering four common factors: undue delay, prejudice to the opposing party, bad faith or dilatory motive, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007).

### IV. DISCUSSION

Plaintiff's proposed amendments include three categories of new allegations regarding Defendant's fraudulent scheme: (1) explicit allegations that Defendant defrauded the United States government by expressly or impliedly representing to the government that the work Defendant performed complied with the NHPA and the National Environmental Protection Act ("NEPA"); (2) allegations concerning Defendant's fraudulent inducement of its contracts with the United States government; and (3) allegations that Defendant presented an inflated bid price for a bridge contract. (Mot. 3–5.)

Defendant opposes Plaintiff's amendment on the grounds of undue delay and substantial prejudice. The Court addresses ach in turn.

A.  **UNDUE DELAY**

Defendant argues that Plaintiff seeks by its TAC to allege new theories of recovery two years after she filed her initial complaint. (Opp'n 4–5.) However, Plaintiff's proposed TAC does not add any new claims; rather, all of Plaintiff's proposed amendments pertain to the SAC's first claim for violation of the FCA, 31 U.S.C. § 3729. As Plaintiff correctly argues, "Plaintiff has always alleged that Defendant engaged in fraud. Plaintiff simply seeks to clarify that this fraud was consummated through Defendant's express and implied flase certifications to the government, which resulted in fraudulent inducement." (Mot. 3.) Plaintiff's proposed allegation that Defendant failed to comply with the NEPA is a further example, in addition to Defendant's disregard for the NHPA, of Defendant's fraudulent certification of compliance as pleaded in the SAC. Defendant's inflated bridge contract price is a classic basis for liability under the FCA.[1] All of Plaintiff's proposed amendments add only new or clarifying facts that arise out of the same nucleus of operative facts alleged in Plaintiff's SAC. The Court is not persuaded that Plaintiff's proposed amendments could be construed to form any new theory of recovery.

Defendant further contends that Plaintiff's amendments arise out of facts and theories that she knew or should have known at the time of filing the original complaint or the SAC. (Opp'n 5–6.) Plaintiff maintains that the amendments are based on new facts revealed in documents Defendant produced during discovery. (Mot. 3, 5; Reply 5.) Because Defendant fails to explain how Plaintiff should have known of the new allegations at the time she filed her SAC, the Court is unwilling to

---

[1] The FCA provides for liability for any person who, among other things, "knowingly presents . . . a false or fraudulent claim for payment" to the United States government; "knowingly makes [or] uses . . . a false record or statement" to obtain payment of a false or fraudulent claim by the government . . . ." 31 U.S.C. § 3729(a). "The archetypal *qui tam* FCA action is filed by an insider at a private company who discovers his employer has overcharged under a government contract." *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir. 1996) (footnote omitted).

reject Plaintiff's assertion that her proposed amendments could only have been gleaned through the discovery process.

Overall, the Court finds no undue delay in Plaintiff's request for leave to amend. On the surface, some delay is apparent considering this action was commenced in June 2010. Defendant analogizes this case to *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999). But there, the Ninth Circuit found undue delay where plaintiff's motion to amend came several months after the deadline for amending or supplementing the complaint, none of the amendments relied on facts that were unavailable before the deadline, the movant had been considering those amendments three months before the deadline, and the movant did not explain the delay. *Id.* at 986. None of these circumstances are present in this case. Here, the motion to amend was filed on March 26, 2012, prior to the April 23, 2012 deadline for amending pleadings set by this Court. While this case was filed two years ago, prosecution of this action only began in earnest in early 2011 following the United States' option not to intervene. In short, Plaintiff was diligent in prosecuting her case and sought to amend as soon as having obtained the new information through discovery. The Court therefore concludes that there was no undue delay in Plaintiff's request to amend complaint.

**B.  PREJUDICE**

Defendant contends it will suffer prejudice if Plaintiff is granted leave to amend. "Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. Defendant argues that it would be substantially prejudiced by being forced to conduct additional discovery and defend against the new legal theory of recovery. (Opp'n 6–8.)

Defendant disingenuously cites *Lockheed Martin* for the proposition that "[t]he need for a party to conduct supplemental discovery or to consider a new line of legal argument are classic examples of prejudice," sufficient for denying leave to amend. (Opp'n 7 (citing *Lockheed Martin Corp.*, 194 F.3d at 986).) However, the court in in

*Lockheed Martin* found prejudice to the defendant based on the need to *reopen* discovery: "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.*, 194 F.3d at 986. In contrast, Plaintiff brought the instant Motion on March 26, 2012, well before the April 23, 2012 deadline for amending pleadings, the December 10, 2012 discovery cutoff date, and the January 21, 2013 deadline for pretrial motions.

Further, any new discovery would still be within the same manageable scope, as Plaintiff has not asserted any new theory of recovery. Moreover, there is ample time to continue discovery. As Defendant concedes, Plaintiff commenced discovery on January 6, 2012, and discovery had been ongoing for *less than three months* when Plaintiff brought this motion to amend. (Vogel Decl. ¶¶ 7–8.) Given the December 10, 2012 discovery cutoff date, Defendant has ample opportunity to respond to the new allegations. Indeed, the Court notes that from a practical perspective, Defendant should have stipulated to Plaintiff's request to amend, rather than wasting time and money with disingenuous complaints of prejudice and lag in these proceedings.

Considering the circumstances in this case and the policy favoring amendment in accordance to the notice pleading system, the Court finds no reason to deny leave to amend, nor has Defendant raised any to meet its burden of persuasion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to Amend Complaint is **GRANTED**.

**IT IS SO ORDERED.**

May 4, 2012

_____
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**